IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv25
3:05cr28

| | |
|---|---|
| ARCHAVIS BRIANN MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed January 21, 2010.

**PROCEDURAL HISTORY**

On January 27, 2005, Petitioner was named in a three-count Bill of Indictment. (Case No. 3:05cr28, Doc. No. 1: Indictment). Count One charged Petitioner with possession of a firearm after having been previously convicted of a felony in violation of 18 U.S.C. § 922(g). Count Two charged Petitioner with possession with intent to distribute cocaine base and marijuana in violation of 21 U.S.C. § 841. Count Three charged Petitioner with knowingly and unlawfully using and carrying a firearm, and in furtherance of such drug trafficking crime, possessing said firearm in violation of 18 U.S.C. § 924(c)(1). On February 3, 2005, the Government filed an § 851 notice setting forth Petitioner's previous conviction for a felony drug offense. (Id., Doc. No. 2 at 1). On December 1, 2005, after trial by jury, Petitioner was convicted on all three counts. (Id., Doc. No. 44: Jury Verdict). On September 25, 2006, this

Court sentenced Petitioner to a total term of 360 months imprisonment, and judgment was entered on September 29, 2006. (Id., Doc. No. 54).

On October 3, 2006, Petitioner filed a Notice of Appeal. (Case No. 3:05cr28, Doc. No. 56). The Government moved to remand the case to this Court for the limited purpose of conducting a hearing on a potential conflict of interest between Petitioner and his defense counsel, and this motion was granted on April 20, 2007 by the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 73: Order of USCA). Pursuant to the Fourth Circuit's remand, this Court held a conflict of interest hearing on August 6, 2007 where it found that a conflict of interest did exist. As a result, Mr. Tolly Kennon's representation of Petitioner was terminated, and new counsel for Petitioner was ordered. (Id., 8/6/2007 Minute Entry). On December 29, 2008, the Fourth Circuit affirmed Petitioner's sentence and conviction and remanded the case for correction of a clerical error. United States v. Moore, 304 Fed. App'x 224 (4th Cir. 2008).

On January 21, 2010, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), in which Petitioner alleges that he received ineffective assistance of counsel.

## ANALYSIS

**I.     INITIAL REVIEW AUTHORITY**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits, and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. 28 U.S.C.A. foll. § 2255. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion. Id.

Accordingly, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As explained below, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Standard of Review

To establish a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); see also, Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Furthermore, as movant, a petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)).

To meet this burden, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Strickland, 466 U.S. at 694 and Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). When a petitioner's claim of ineffective assistance attempts to challenge issues addressed at his sentencing, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956

F.2d at 1297 (citing Strickland, 466 U.S. at 697).

Petitioner asserts the following four ineffective assistance of counsel claims in his Motion to Vacate, Set Aside, or Correct Sentence: first, Petitioner alleges that his counsel was ineffective "for failing to file [a] suppression hearing." (Doc. No. 1 at 4). In support of this claim, Petitioner asserts that "[c]ounsel should have known or was required to know that filing a 'suppression hearing' on behalf of the defendant would be in the best interest of defendant." Second, Petitioner alleges that his counsel was ineffective because he failed to "present fruit of the poisonous tree as to evidence of an illegal search." (Id. at 5). In support of this claim, Petitioner alleges that "[c]ounsel should have known that because of the history and strained relationship between arresting officer and defendant that the search was illegal and unwarranted." (Id.). Third, Petitioner alleges that his counsel was ineffective because he "should have known that the court should elicit fully articulated objections. Had counsel made these appropriate objections; counsel could have raised many issues including the illegal sentence of 360 months." (Id. at 7). Fourth, Petitioner alleges that his counsel was ineffective because his "[c]ounsel failed to request video evidence of the traffic stop and illegal search." (Id. at 8). In support of this claim, Petitioner asserts that "[c]ounsel had the responsibility of knowing that requesting the video of the illegal search would have been a proper defense at the trial and would have looked favorable for defendant in the eyes of the jury." (Id.).

The Fourth Circuit has made it clear that "[u]nsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner must come forward with some evidence that the claim asserted might have merit. Id. In the instant case, Petitioner has not provided a

factual basis to support his vague claims of ineffective assistance of counsel. On the first claim, Petitioner does not identify the basis his counsel should have filed a motion to suppress.[1] To the extent Petitioner is arguing, in his second claim, that his counsel should have filed a motion to suppress based upon his vague assertion of a "strained relationship" with the arresting officer, such an allegation is too conclusory to entitle Petitioner to a hearing. See Nickerson, 971 F.2d at 1136. Likewise, Petitioner's third claim fails to even identify what his counsel should have objected to. Finally, Petitioner does not state in his fourth claim what a video tape of the arrest would have revealed that would have been favorable to his case. Because Petitioner has failed to provide any factual basis for his claims beyond conclusory assertions, they are dismissed.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner has failed to establish that he received ineffective assistance of counsel. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to DISMISS the instant Motion to Vacate.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322,

---

[1] The criminal file actually reveals that several motions to suppress were filed by counsel on Petitioner's behalf. (Case No. 3:05cr28, Doc. Nos. 31, 38, 40).

336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: March 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge